**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **MARIBEL GAYTAN** | § | |
| *PLAINTIFF,* | § | |
| | § | CIVIL ACTION NO. |
| **v.** | § | JURY DEMAND |
| | § | |
| **TEXAS DEPARTMENT OF FAMILY** | § | |
| **AND PROTECTIVE SERVICES** | § | |
| *DEFENDANT* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

COMES NOW **Maribel Gaytan**, Plaintiff, and files this her Original Complaint against Defendant, **Texas Department of Family and Protective Services,** and in support thereof would respectfully show unto the Court as follows:

1.      This action is brought pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, 623, 626 et seq. ("ADEA"). Plaintiff is a qualified individual to bring suit pursuant to the ADEA. Plaintiff is over the age of 40. At the time of the filing of this Complaint, Plaintiff is 52, years of age (D.O.B. 12/17/1971). Also, Plaintiff brings action as under Title VII to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3, et seq., as amended.

2.      Plaintiff's federal claims arise under the anti-discrimination and/or retaliation provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3 et seq., as amended by the Civil Rights Act of 1991, ("Title VII"), the Age Discrimination in Employment Act, as amended (the "ADEA") 29 U.S.C. § 621, et seq., and Title I of the Civil Rights Act of 1991, to correct and address unlawful employment practices on the basis of age and retaliation.

3.      Defendant, TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, is a State governmental agency responsible for investigating charges of abuse, neglect, or exploitation of children, elderly adults and adults with disabilities and doing business

1

in the State of Texas whose headquarters are located in 4900 N. Lamar Blvd., Austin, Texas 78751 and may be served with process by serving Commissioner Stephanie Muth, at 701 W. 51st Street; Austin, Texas 78751, as allowed under the Federal Rules of Civil Procedure.

4.     This Court has jurisdiction, inter alia, over this action pursuant to the Age Discrimination in Employment Act (29 U.S.C. § 621 et seq), U.S. Const. Art. III, 28 U.S.C. § 1331, and retaliation under Title VII to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C § 2000e-3, et seq., for opposing workplace discrimination. Plaintiff's claims arose in whole or in part in Cameron County, Texas. The event and circumstances of Plaintiff's employment occurred in Cameron County, Texas within the Federal Southern District; Brownsville Division.

5.     Whenever in this Complaint it is alleged that Defendant TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, did any act or thing, it is meant that Defendant, TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, and its officers, agents, servants, employees, or representatives did such act and that it was done with full authorization and ratification of Defendant.

6.     Plaintiff has complied with all prerequisites for bringing an action under the ADEA, and retaliation under Title VII to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e-3, et seq., including amendments thereto.

a.     On August 28, 2023, Plaintiff timely filed a written Charge and Complaint with the Equal Employment Opportunity Commission alleging discrimination on the basis of age and retaliation for opposing workplace discrimination.

b.     On May 31, 2024 and June 3, 2024, the EEOC issued a Right to Sue Letters notifying Plaintiff that she had the right to sue within 90 days of the receipt of notification. Plaintiff has filed this action within 90 days of the receipt of notice sent to Plaintiff.

7.     Plaintiff, MARIBEL GAYTAN ("Plaintiff") was employed with Defendant, TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES ("Defendant") for twelve (12) years prior to her termination on approximately January 23, 2023. Plaintiff had transferred to Brownsville to be closer to her husband's employment with the federal government. Plaintiff began her employment with Defendant on February 11, 2011, as a Child Protective Services (CPS) Specialist II. Plaintiff then became a Family Based Safety Services Specialist IV on October 14, 2014, working in the Laredo sector. Plaintiff transferred on October 1, 2022, to the Brownsville division under the supervision of Alejandra Calvillo, 34 years of age,

whose job title was FBSS Supervisor II. Within 12 weeks of Plaintiff's transfer under the supervision of Calvillo, Plaintiff was terminated after serving and protecting myriads of children under her watch for the 12 years of faithful employment with Defendant.

8.      Plaintiff had opposed workplace discrimination against Defendant by filing an internal charge complaint with Defendant, on January 19, 2023. Plaintiff submitted to the Civil Rights Office for Defendant a formal employment discrimination complaint to the Health and Human Services System on January 19, 2023, that included age discrimination as a charge regarding Plaintiff's protected class. Plaintiff's immediate Supervisor Alejandra Calvillo who is approximately 18 years younger than Plaintiff and only supervised Plaintiff for nearly two and half months, after Plaintiff was transferred into Supervisor Calvillo's unit located in Brownsville, Texas, was terminated on January 20, 2023. A disciplinary action notice (DAN) was issued to Plaintiff by Calvillo as a written warning. In fact, Plaintiff during her entire career had worked with five different supervisors and had never received a disciplinary action notice other than from Calvillo. The "DAN" was four pages in length and contained at the bottom of the last page an employee acknowledgement placed in bold with the words "Written Warning." Plaintiff submitted her 11-page timely rebuttal to the false and pretextual assertions made by Supervisor Calvillo. On January 23, 2023, Plaintiff learned that she was terminated by Defendant effective on January 20, 2023, only one day after Plaintiff had submitted her opposition to workplace discrimination. Inexplicably, what had become a written warning had turned into a termination. It is clear that Plaintiff engaged in a protected activity by filing her complaint of discrimination on January 19, 2023, when Defendant had not taken an adverse employment action since only a written warning was issued. Defendant took it upon itself, to terminate Plaintiff after the submission by Plaintiff of her internal complaint that was an adverse employment action. Within 24 hours of Plaintiff engaging in a protected activity a warning from January 13, 2023, became a termination on January 20, 2023, without any progressive discipline imposed on a 12 year highly qualified employee's career ended involuntarily.

9.      Supervisor Calvillo during the two and a half months while supervising Plaintiff did not provide any written evaluations of Plaintiff's work performance. In fact, contained in Calvillo's January 13, 2023, "DAN," none of the issues written by Calvillo had been addressed to Plaintiff. Plaintiff was not placed on probation or provided with a personal improvement plan (PIP) or any form of progressive discipline until Plaintiff received a written warning on January 13, 2023, that was rebutted by Plaintiff. Plaintiff rebutted every accusation made by Calvillo as

either untrue, inaccurate, or unlawfully as made against Plaintiff. The written termination letter signed and dated on January 23, 2023, by Denise Barrera, Regional Director, dismissed Plaintiff from her employment effective January 20, 2023. However, Plaintiff was not given an opportunity to speak with Director Barrera regarding the accusations that had been made in the January 13, 2023, "DAN" written by Calvillo. Also, in the dismissal letter signed by Barrera, it did not specify any specific policy or work rule that was violated. Interestingly, it took approximately 7 months for Defendant to have the complaint filed against it by Plaintiff from January 19, 2023, to conclude without any explanation from the Texas Health and Human Services responsible for the investigation as to the delay in conducting Plaintiff's discrimination complaint filed on January 19, 2023, that resulted in her termination the following day on January 20, 2023.

10.     Plaintiff was 51 years of age at the time of her termination on January 20, 2023, with her date of birth being 12/17/1971. Plaintiff was highly qualified for her position as a Family Based Safety Worker when terminated by Defendant. Prior to Plaintiff's termination Plaintiff had worked with Defendant for approximately 12 years serving under approximately four supervisors other than Calvillo with evaluations that met or exceeded Defendant's performance expectations. Plaintiff was originally hired with Defendant as a Family Based Safety Worker not as an investigator. Plaintiff progressed through the ranks of her employment until the date of her termination as a Specialist IV. Plaintiff job description did not include investigation. Plaintiff's qualifications included specific training connecting families to appropriate services and ongoing assessment of risks and safety. During Plaintiff's employment she received numerous training and supplemental education to discharge her duties as required. Contained in Plaintiff's employment file is evidence of achievement and recognition of her long-standing career, including warehouse reports to include federal reviews. Unequivocally, Plaintiff was terminated effective January 20, 2023, that was an adverse employment action. Plaintiff was treated differently than the younger employees within Supervisor Calvillo's unit. Employees Karen Tafolla aged 32, Irma Benavidez aged 32, Erica Reyna aged 31, Angelica Ponce aged 35, all within Supervisor Calvillo's unit were treated differently than Plaintiff due to their ages as to the workload assigned of abandoned investigation cases. Plaintiff was assigned cases without documentation, safety plans and no contact with family/children and was assigned cases out of Brownsville, Port Isabel, Raymondville and Harlingen area while the other younger employees were assigned cases locally and not required to travel long distances to meet with families. Supervisor Calvillo would allow the younger employees to submit delinquent reports without

proper discipline, while Plaintiff was expected to submit reports by the deadline provided and on time. Plaintiff while doing removal of children and placement, would work until 4am as required by Calvillo and was expected to report to work the next day when the younger employees were not required to do so. Defendant through Calvillo's actions treated Plaintiff differently by humiliating her by conducting meetings with the younger employees supervised in her unit, while not including Plaintiff in the same meetings. Calvillo would invite Karen Tafolla aged 32, Irma Benavidez aged 32, Erica Reyna aged 31 to staff meetings that did not include Plaintiff, thus treating Plaintiff differently than the younger employees. Curiously, after Plaintiff was terminated her job duties were reassigned, and Plaintiff was replaced by a substantially younger employee that was six years or younger than Plaintiff. Lastly, although Plaintiff was doing the same or more work than the younger less qualified employees, Plaintiff was earning less money thus being treated differently. Plaintiff was earning approximately $54,000.00 dollars per year while Erica Reyna aged 31, was compensated at a higher salary.

11.     Defendant's acts constitute a willful and intentional violation of the ADEA. Defendant's violation constitutes a willful violation of the ADEA with the meaning of 29 U.S.C. § 626(b) and this entitles Plaintiff to liquidated damages.

12.     In addition, Defendant's actions were discriminatory against Plaintiff due to her age. Defendant's acts, omissions and conduct constitute a violation of the ADEA. By conduct as alleged herein, Defendant unlawfully discriminated against Plaintiff in violation of the Federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. under different treatment or replacement theory of liability.

13.     Furthermore, Plaintiff alleges that she was retaliated against in engaging in protected activity. Defendant retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-3, et seq., that prohibits retaliation against an individual such as Plaintiff for opposing employment practices that Plaintiff had engaged in a protected activity. Retaliation is prohibited in testifying, or participating in any way in an investigation, proceeding, or litigation under Title VII, 42 U.S.C. 2000e-3, et seq. Plaintiff filed an internal complaint on January 19, 2023, against Defendant and was terminated the following day.

14.     Because of Defendant's acts, omissions and conduct in violation of Federal law, and its intentional and willful discrimination of Plaintiff, Plaintiff was forced to retain Hodge & Shergold, L.L.P., 1805 Ruben Torres Blvd., Suite B30; Brownsville, Texas 78521, to protect

Plaintiff's rights. Plaintiff seeks reasonable and necessary attorney's fees, expenses, and Court costs.

15.    Plaintiff seeks actual damages for her pecuniary and non-pecuniary losses, back pay, front pay, inconvenience, loss of enjoyment of life, mental anguish, lost benefits, insurance, attorney's fees statutory and/or liquidated damages, and expert fees within the jurisdictional limits of the Court.

16.    **Jury Trial Requested.** Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant, TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, be cited and commanded to appear and answer, and that upon trial of this cause, Plaintiff have relief as follows:

a.    The Court award Plaintiff compensatory damages, back pay, front pay, damages for loss of enjoyment of life, mental anguish, damages for inconvenience, loss of benefits, statutory and/or liquidated damages pursuant to the ADEA and Title VII, 42 U.S.C. 2000e-3, et seq.;

b.    The Court award Plaintiff attorney's fees, Court costs and reasonable expert fees; and,

c.    The Court award Plaintiff pre-judgement and pot-judgement interest as allowed by law.

Plaintiff prays for such other and further relief to which Plaintiff is entitled.

Respectfully Submitted,

By: */s/John L. Shergold*_____
John L. Shergold

State Bar No. 00794624
Federal No. 20768

**HODGE & SHERGOLD, L.L.P.**
1805 Ruben Torres Blvd., Suite B30
Brownsville, Texas 78521
Tel: 956/548-9100
Fax: 956/548-9102
**ATTORNEY IN CHARGE**
**FOR PLAINTIFF**

6